**FORM TO BE USED BY FEDERAL PRISONERS IN FILING A CIVIL ACTION
UNDER 28 U.S.C. § 1331 OR § 1346**

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF** MASSACHUETT

CIVIL    **DIVISION**

JOHN TROTTER

_____

_____

_____

(Enter above the full name of the Plaintiff
or Plaintiffs in this action)

**05-4000** **A**

**VS.**

UNITED STATES BUREAU OF PRISONS, et al.

_____

_____

_____

Civil Action No. _____

(Enter above the full name of the Defendant
or Defendants in this action)

A. Have you begun other actions in Federal Court dealing with the same facts involved in this
   Action? Yes_____ No ___X___

B. If your answer to A is yes, describe the action in the spaces below.  (If there is more than one
   action, describe the additional actions on the reverse side of this page).

   1. Parties to the action: _____ Not Applicable ("N/A") _____

   _____

   2. Court (Federal Court name the district): _____ N/A _____

   3. Docket Number: _____ N/A _____

   4. Name of Judge to whom case was assigned: _____ N/A _____

   _____

1

5. Disposition: (Was case dismissed?  Was it appealed?  Is it still pending?) : _____
   N/A

C. 1. Did you present the facts relating to your complaint in the internal prison grievance
procedure?  Yes _X___  No _____

2. If your answer is Yes, what was the result? _Administrative Remedy was denied_
_____
_____

3. If your answer is No, explain. __N/A_____
_____
_____

D. 1. Did you present your claim to the Bureau of Prisons or other Federal agency for
administrative action?  Yes _X___  No _____

2. If your answer is yes, state the date such claim was submitted and what action, if any
has been taken.  B.P.-8 (4-5-4);  B.P.-9 (4-12-4);  B.P.-10 (5-19-4)
B.P.-11 ( _____ ) each administrative remedies were denied.
_____

3. If your claim has been acted on, attach copies of any correspondence you have
received from the Bureau of Prisons or other Federal agency concerning your claim.

E. 1. Are you suing for a work related injury?  Yes _____  No __X___

2. If your answer is Yes, state the nature of the duties you were performing when the
injury occurred. _____N/A_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

## PARTIES

(In item I. Below, place our name in the first blank and place your present address in the second blank. Do the same for additional Plaintiffs, if any).

I. Name of Plaintiff: John Trotter

    Address: FMC-Devens, P. O. Box 879, Ayer, MA 01432

(In item II. Below, place the full name of the defendant in the first blank, his / her official position in the second blank, and his / her place of employment in the third blank. Use the space below item II. for names, positions and places of employment of any additional defendants.)

II. Defendant Harley Lappen _____ is employed as Director of Federal
Bureau of Prisons _____ At 320 First St., N.W., Wash. DC 20534

## STATEMENT OF CLAIM

III. State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of different claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheet(s), if necessary.)

(1) Defendants are employed by the Federal Bureau of Prisons ("BOP") at FCI Fort Dix who are Tammy McKinnon, Case Manager; Unit Manager, unknown defendant both assigned to Unit 5702; C.J. DeRosa, Warden, and D. Dodrill, Director of Northeast Region for BOP all agreed and participated in transferring Plaintiff on March 31, 2004 to a Mental Health Institution for psychological treatment as a sex offender without first providing him the requisite written notice of such transfer, nor provided him the requisite opportunity to reject such treatment as mandated by BOP Policy and Federal Law, which thus violated his rights. Further, such act(s) by the defendants were grossly neglience and constitutes deliberate indifferent to Plaintiff's rights to notice and to be heard to punishment in a mental
(continued on attached page):

3

STATEMENT OF CLAIM
Continues from attached page 3:

facility for treatment.

Moreover, such act(s) by defendants were grossly neglience and constitutes a deliberate indifferent to Plaintiff's life and care since the Plaintiff was subjected to unnecessary and wanton mental anguish, continuous extreme stress and fear for safety and anxiety all from being placed in a hostile environment created by Staff at Fort Devens who informed the general population there that sex offender will arrive here from Fort Dix for Sex offender program. (2)  On or about April 2004, and continuously thereafter, the following defendants, i.e., C. Renuad, Psychologist, C. Becotte, Chief Psychologist, C. Mayo, Psychology Technician, S. Bisci, Social Worker and D. L. Winn, Warden, who are employed by the BOP at FMC-Devens and Harley Lappen who is the Director of the BOP were each negligence in that they acted deliberate indifferent to Plaintiff's life, care and mental health by subjecting him to psychological treatment and thus punishment for acts (conviction) he had already previously been punished and treated for in 1994. Further, these defendants are negligence which constitutes a deliberate indifferent to Plaintiff's life, care, and mental health where the defendants has inflicted unnecessary and wanton mental anguish, continuous-extreme stress, anxiety and fear of harm by enforcing on him psychological treatment program for sex offense he was already previously punished for and treated over eight to ten years ago, though such program was not enacted nor promulgated by the BOP through program statement or through requisite notification and publication mandates of BOP policy and federal regulation. Specifically, the Plaintiff already served time thus was thoroughly punished and treated for prior sex offense of 1994. Yet, for the Defendants to now used such prior conviction to impose a mandatory treatment program on him that places him in a mental hospital and special sex offender Unit and Program that such acts has caused him unnecessary and wanton constant-continuous extreme mental anguish, stress, and fear of harm from threats of violence from other inmates, loss of institutional privileges and rights for failure

3a

STATEMENT OF CLAIM
continued from attached page 3a:

to participate in such program is punishment for offenses he
(Plaintiff) already were punished and treated for once, which violates
his rights. Moreover, the defendants action of forcing Plaintiff
into this program which has adverse sanctions for refusing to
participate was negligence and constitutes a deliberate indifferent
to Plaintiff's life, care and mental health since he now suffers
from continuous, constant mental anguish, stress, anxiety and fear
from such program.
(3)  The defendants (C. Renuad, C. Becotte, C. Mayo, S. Bisci,
D. L. Winn, and Harley Lappen) were also negligence when they acted
deliberate indifferent to Plaintiff's life, care, and mental
health by punishing him through a mandatory treatment program that
was not a described punishment nor penalty for his conviction at
the time he committed such sexual offense and to enforce such
punishment and treatment now after eight to ten years is a violation
of his rights. Specifically, the Plaintiff's prior sex offense occurred
over eight years ago in 1994. That, at the time he was convicted
of that crime there was no required mental or psychological
treatment program defined by the statute or any statute for that
offense, and for the defendants to act after eight years to treat
him psychologically for such crime that did not require such
treatment violates Plaintiff's rights, and further caused him
unnecessary and wanton continuous, constant mental anguish, stress
and anxiety.

**RELIEF**

IV. State what relief you seek from the Court. Make no legal arguments. Cite no cases or statutes.

I. That, the defendants remove him from the SOMP immediately;

II. That, the defendant transfer Plaintiff back to FCI Fort Dix;

III. That, the defendants pay plaintiff monetary funds of 100,000 each for punitive or compensory damages.

IV. That, any relief the court deems appropriate for the violation of Plaintiff's rights by defendants.

Signed this ___16___ day of ___August___ 200_4_.

_____
(Signature of Plaintiff or Plaintiffs)

**DECLARATION**

I, __John Trotter__ declare under penalty of perjury that I have read and subscribed to the above and state that the information contained therein is true and correct to the best of my knowledge.

Executed __8/16/04__ at __Fort Devens__
            Date                          Place

_____
Signature of Plaintiff

_____
Signature of Attorney (If Any)

4