IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUETTS

JOHN TROTTER,

    Plaintiff,

v.

    Civil No. _____

UNITED STATES BUREAU OF PRISONS. et. al.,

    Defendants.

05-40001

## DECLARATION OF JOHN TROTTER

I, JOHN TROTTER, BEING DULY SWORN, DEPOSES AND SAYS:

1. On or about March 26, 2004, I was placed on the institution's call-Out for an appointment to R & D ("receiving & departure") at F.CI- Fort Dix. I arrived at R & D with my property I was told to bring to R & D by the Unit Officer at 5702. At about 10:00 a.m., at R & D, I was told I was being transferred to FMC Devens, which I verbally opposed.

2. After I completed the process for transfer and after I packed my property, I was allowed to eat lunch and returned to R & D where I was sent to the A & O (admission & orientation") building on the West Compound of Fort Dix. While at lunch I seen my case manager, I asked Ms. Tammy McKinnon why I was being transferred when I did not put in for transfer. She said she didn't know why I was being transferred. When I returned to R & D I was moved to the West Compound and placed in the A & O building for transfer.

3. On or about March 31, 2004, I was placed on a bus and taken to Fort Devens. At about 10:00 a.m., I arrived at Devens, taken off the bus and placed in a holding cell to be process at R & D. While being processed at R & D, I was told that I was sent here by my Unit Team to participate in the Sex Offender Program. After being processed by R & D I was taken to Unit N-2 for housinf.

4. Two weeks after being placed in Devens, I was interviewed by psychologist C. Ranuad, case worker Bisci and intern Matthews. At this interview, Ms. Renuad informed me that I was sent to Devens for mental and psychological treatment for my sex offense of 1994. I then refused the program and treatment on the grounds that I am currently incarcerated for fire arm violation not a sex offense.

John Trotter v. Federal Bureau of Prisons, et. al.
Civil Action/ Declaration of John Trotter
page two:

I further that I cannot be punish for a crime that I am not incarcerated for, and I had already been punished previously for. Ms. Renuad said, it was a mandatory program that if I refuse to participate then I could lose my half way house treatment and other privileges.

5. After the first interview with the personel of the program, I was against interviewed by Ms. Bisci who request I sign a document for a booklet on the program. I refused.

6. At this time, the said program (sex offender management program) is being forced on me against my intentions. I am being forced to stay in this institution for mental and psychological treatment I do not want. I am being subjected to lost privileges for offense I am not currently sentenced for nor incarcerated on, which I was already punished for over 8 to 10 years ago.

7. I swear under the penalty of perjury that the above statements are true and correct to the best of my knowledge and belief.

Dated: August 5, 2004.