UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                              )
JOHN TROTTER,                 )
                              )
          Petitioner,         )
                              )        C.A. No. 05-40001-MLW
          v.                  )
                              )
DAVID WINN,                   )
                              )
          Respondent.         )
                              )
```

ORDER

WOLF, District Judge

For the reasons stated below, the Court denies without prejudice the petitioner's application to proceed without prepayment of the filing fee.

BACKGROUND

On December 27, 2004, petitioner John Trotter filed a pleading captioned as "Declaration of John Trotter," in which he objects to his alleged forced participation in a sex offender management program as part of his current incarceration at FMC Devens.  Because Trotter contests the execution of his sentence, his declaration will be construed as a petition for habeas relief under 28 U.S.C. § 2241.  See United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999)

On January 12, 2005, Trotter filed an application to proceed without prepayment of the $5.00 fee for filing a petition for habeas relief.  Trotter attached to this application a report of the deposits made to his prison account between April 6, 2004 and January 5, 2005.  These deposits total $1,124.46, $79.46 of which represents payment to Trotter for his employment at FMC Devens.

Despite the fact that over ninety percent of the funds deposited to his prison account were from sources other than his employment at FMC Devens, the only other source of income Trotter identified was the receipt of $36.00 from a friend.  Trotter also submitted a statement purportedly certified by an officer at FMC Devens reporting that Trotter has $1.77 in his prison account and the average balance in Trotter's account over the last six months was $25.47.  Trotter did not include a report of the withdrawals from his account over the last six months.

Although Trotter did not pay the $5.00 filing fee for this habeas petition, through an oversight of the Clerk of Court, Trotter paid a $5.00 filing fee twice in another habeas case. See Trotter v. Winn, C.A. No. 04-40118-MLW (D. Mass.) (§ 2241 petition concerning calculation of good time credits).[1]  The docket in Trotter v. Winn, C.A. No. 04-40118-MLW does not indicate that the extra $5.00 payment was refunded to Trotter.

DISCUSSION

A party filing a petition for habeas relief under 28 U.S.C.

---

[1]According to the docket in Trotter v. Winn, C.A. No. 04-40118-MLW, the central division of the Court (located in Worcester) received Trotter's $5.00 payment on July 12, 2004 (receipt number 404362).  Receipt of this payment, however, was not entered into the docket until August 30, 2004.  On August 13, 2004, the eastern division of the Court in Boston received a letter from Trotter (which may have initially been received by the courthouse in Worcester) inquiring whether the Court had received his filing fee.  Because the docket did not yet reflect the receipt of payment on July 12, 2004, an employee in the Boston courthouse informed Trotter that the Court had not received the filing fee.  In response to this communication, on September 29, 2004, the Boston courthouse received an additional $5.00 for payment of the filing fee (receipt number 321 58959).

2

§ 2241 must either (1) pay the $5.00 filing fee for habeas corpus actions or (2) file an application to proceed without prepayment of fees.  See 28 U.S.C. § 1914(a) (fees); § 1915 (proceedings in forma pauperis).  An application for waiver of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); see also Rule 3(a) of the Rules Governing Section 2254 Cases (if petitioner desires to prosecute petition in forma pauperis, he shall file the affidavit required by § 1915 and a certified statement of amount of funds in prisoner's institutional account); Rule 1(b) (Rules governing Section 2254 cases may be applied to other habeas corpus applications at discretion of Court).  For the convenience of litigants, this Court provides a standardized form for fee waiver applications.

Here, the prison account statement Trotter submitted does not comply with the requirements of 28 U.S.C. § 1915(a)(2). Although Trotter has submitted a statement of the deposits to his accounts over the last six months, the statement does not reflect withdrawals from the account.  If the Court were to enter an order on Trotter's application to waive prepayment of the filing fee based solely on his deposits, the Court would deny Trotter's application because the fact that Trotter deposited $1,124.46 to his prison account between April 6, 2004 and January 5, 2005 suggests that he is able to pay the $5.00 filing fee.  The Court

3

recognizes that Trotter submitted a statement purportedly signed by an officer at FMC Devens reporting the balance of Trotter's account and the average balance over the last six months.  A certified representation of two figures, however, is not a proxy for "a certified copy" of an entire document.  28 U.S.C. § 1915(a)(2).  Moreover, Trotter has not identified all sources of income other than his employment at FMC Devens.  Therefore, the Court will deny without prejudice Trotter's application to proceed in forma pauperis.

Nonetheless, in light of the overpayment of the filing fee in Trotter v. Winn, C.A. No. 04-40118-MLW, as a convenience to Trotter, the Court will order that the $5.00 due to Trotter from the Court be applied to the filing fee in the present case.  If Trotter opposes the allocation of the overpayment in Trotter v. Winn, C.A. No. 04-40118-MLW to the filing fee in this case, he shall, within forty-two days of the date of this order, inform the Court of his objection and submit a new application to proceed in forma pauperis that fulfills the requirements of 28 U.S.C. § 1915(a)(2).

### CONCLUSION

ACCORDINGLY,

(1) The Court denies without prejudice the petitioner's application to proceed without prepayment of the filing fee;

(2) The Clerk shall apply the $5.00 payment made in Trotter v. Winn, C.A. No. 04-40118-MLW (D. Mass.) on September 29, 2004 (receipt number 321 58959) to the filing fee in this case;

4

(3) If Trotter objects to the allocation of the overpayment of the filing fee in <u>Trotter v. Winn</u>, C.A. No. 04-40118-MLW to the filing fee in this case, he shall, within forty-two days of the date of this order, inform the Court of this objection and file a new application to proceed <u>in forma pauperis</u> that fulfills the requirements of 28 U.S.C. § 1915(a)(2); and

(4) The Clerk shall send Petitioner an Application to Proceed Without Prepayment of Fees with this Order.

SO ORDERED.


<u>August 6, 2005</u>                    <u>/s/ Mark L. Wolf          </u>
Date                              United States District Judge