IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS-BOSTON DIVISION

John Trotter                    :
    petitioner,
                            :

                            :    Case No.  05-40001-MLW

v.                              :

                            :

Winn, David L.                  :
    respondent.
                            :
            00o00

### MOTION TO DENY RESPONDENTS REQUEST
### FOR AN EXTENSION OF TIME

**COMES NOW** petitioner Jonh Trotter (hereinafter reffered to as petitioner), filing pro se presents to this Honorable Court his motion to deny respondents their request for an extension of time.

Petitioner further moves this court to construe this and any future/past motions, pleadings, answers, briefs, and/or filings made by the petitioner liberally, as he is filing pro se, is not an attorney nor does he have a legal educational background. See **Haines v. Kerner**, 404 U.S. 519 (1972).

### JURISDICTION

This Honorable Court has jurisdiction in this instant matter.

### BACKGROUND/ARGUMENT

Petitioner is respectfully requesting this Honorable Court deny the respondents motion of an extension of time to repond to petitioner's Habeas Corpus Motion for the following reasons:

First, petitioner believes that the current counsel for the respondent is hoping to drag this matter out and waste this Honorable Court's time by assuming that once petitioner is released from the Federal Bureau of Prisons (F.B.O.P.) custody, on October 14, 2005, that this instant matter will become a moot issue. Petitioner will not allow this issue to become moot upon his release from incarceration. Petitioner's release from F.B.O.P. custody does not negate the fact that the respondent violated petitioner's First Amendment Right to Due Process as well as his right to of up to six (6) months Community Correction Center (Halfway House) placement.

During petitioner's incarceration petitioner has adjusted well and has participated in a number of educational programs and has been very respectful to the staff and F.M.C. Devens and has not been a problem inmate at all. This kind of report should be used to show that petitioner has dealt well with his incarceration and is working to better himself. However, petitioner has refused to participate in the Sexual Offender Management Program at F.M.C. Devens and although this program should be voluntary, it is considered mandatory here at F.M.C. Devens. Petitioner's refusal to participate has been held against him and he has been sanctioned with the loss of his Community Corrections Center placement. See: Exhibit A, form BP-S210.073 Institutional Referal for CCC Placement, attached.

Counsel for respondent claims that the F.M.C. Devens Mandatory Sexual Offender Management Program (S.O.M.P.) is "not punitve in nature", see: page 2 of respondent's motion, Exhibit B. Petitioner disagrees with this statement. The petitioner was not recommended for any Community Corrections Center placement at all because he did not participate. Also, in the F.M.C. Devens Sex Offender

management program handbook, dated March 1, 2004, (Exhibit C), page 4 under **Incentives for Participating in the S.O.M.P.**, #3 states the following:

> "Active participation in the S.O.M.P. is considered by the Unit Team in recommending the inmate for Community Corrections Center placement. Conversely, poor cooperation or failure to participate may curtail Community Corrections Center placement."

After reading this statement how can the respondent's counsel make the statement:

> "the program is not punitive in nature (**nor does participation or lack thereof negatively effect the inmate**) but mere assists inmates who have committed a sex offense and who have been classified...." (See Exhibit B page 2) (Emphasis added)

Further, Staff at F.M.C. Devens made the following statement

> "It should be noted that Psychology Staff does **not** recommend inmate Trotter transfer to a C.C.C. based on his non-compliance with the S.O.M.P. (as noted on the medical/psycological Pre-Release Evaluation, BP-35 060). If placed in a C.C.C., it is recommended that inmate Trotter participate in the correctional component only without the opportunity to participate in community based programs." (See Exhibit A, box 12)(Emphasis Added)

Petitioner feels that the loss of Community Corrections Center placement has been a sanction that was place on him as a retaliation for not participating in S.O.M.P. although the program is "not punitive in nature" nor does lack of participation negatively effect the inmate. This has already been proven to be untrue since petitioner has shown that he was not to be recommended for Community Corrections

-3-

Center placement due to his lack of participation in the S.O.M.P and then petitioner was ultimately denied Community Corrections Center placement based on the F.M.C. Devens Staff recommendation thus extending petitioner's term of incarceration up to 6 months

Petitioner feels that counsel for the respondent is trying to mislead this Honorable Court by attempting to get an extensio of time in responding to petitioner's initial filing in this mat and claiming that the sanction placed on petitioner did not nega vely effect him. Petitioner lost up to 6 months of earning wages at a job he has had secured for petitioner upon his release from incarceration. Not only has petitioner lost those wages, but th job he had secured may not be available now upon his release. T s job opportunity was available 3-6 months ago when he was initial basing his release upon receiving some Community Corrections Cen r placement time. This never happened and now petitioner is unsur about his job situation when he is released from F.M.C. Devens.

### CLOSING

Petitioner prays that this Honorable Court will deny the respondent's request for an extension of time to answer petition 's §1331 motion which was subsequently changed by this Honorable Cc t to a §2241. Petitioner is due to be released from his term of incarceration on October 14, 2005 and the respondent is asking for an extension until October 17, 2005. After all that petitic r has been through and an extended period of incarceration due to his not receiving any time at a Community Corrections Center it is only fair to deny respondent's request for any time extensior

at all. It just appears that respondent in this matter is only attempting to slow down this process in the hopes that petitione will not pursue this matter after his release from incarceration

Nothing more petitioner sayeth.

Dated, this the 27th day of September, 2005.

Respectfully Submitted,

_John Trotter_ (pro se)
Reg. No. 04234-015
F.M.C. Devens
P.O. Box 879
Ayer, MA 01432

## CERTIFICATE OF SERVICE

I, John Trotter, do hereby state under penalty of perjury, that I mailed a copy of the following:

MOTION TO DENY EXTENSION OF TIME

to the below listed person:

Clerk of the Court
District of Massachusetts
Federal Courthouse Bldg.
1 Courthouse Way
Boston, MA   02210

by placing it in a sealed envelope (first class postage pre paid) and depositing it in the outgoing legal mail receptacle located at Federal Medical Center-Devens in Ayer, MAssachusetts for forwarding by prison officials in accordance with applicable policies and laws regulating such.

Dated, this the 24th day of September, 2005.

*[signature]*
John Trotter (pro se)
Reg. No. 04234-015
F.M.C. Devens
P.O. Box 879
Ayer, MA   01432

BP-S210.073 **INSTITUTIONAL REFERRAL FOR CCC PLACEMENT** CDFRM
SEP 99
U.S. DEPARTMENT OF JUSTICE                                                                    FEDERAL BUREAU OF PRISONS

| | |
|---|---|
| TO: James Morgan, Community Corrections Manager | FROM: David L. Winn, Warden |
| Inmate Name: Trotter, John E. | Register Number: 04237-015    Date: |
| Unit Manager/Mail To: Janis Johnson/LAN I.D. Dev/Unit H- | Institution: Federal Medical Center - Devens<br>42 Patton Road/P.O. Box 880, Ayer, MA 1432<br>Telephone Number: (978) 796-1000 |

1. Release City  Wilmington, Delaware        Supervision District   Delaware

2. Anticipated Release Date: October 14, 2005    Method: Good Conduct Time Release (GCT REL)    Verified by (ISM Staff): Steve Gagnon, ISM Manager

3. Recommended (only one):
   a. Range  0-30 days
   b. Date _____

4. If a presumptive parole case, enter the date the pre-release review progress report was submitted to the Parole Commission: N/A

5. Statutory Interim Hearing Scheduled?  ☐ Yes  X No  ☐ Waived
6. Supervised Release   X Yes   No
   Special Parole Term   ☐ Yes   X No

7. Aftercare Supervision
   X Drug   ☐ Alcohol   X Mental Health   ☐ Other   (As noted on the Judgment and Commitment Order)

8. CIM Case: ☐ Yes  X No   Assignment:

As CMC, I have reviewed the Request for Activity Clearance (404) and the SENTRY CIM Clearance and Separatee Data and I recommend the inmate be considered for CCC placement and clearance be granted by the Warden.   Yes ☐   No ☐   X N/A   Signature of CMC:
Upon signature of the Warden, I will update SENTRY to reflect CCC referral for range/date as listed in item 3 above.

NOTE: The CMC will update SENTRY to reflect specific dates and CCC location upon notification of acceptance from the CCM.

9. If proposed District of Supervision differs from Sentencing District, has USPO approved?   Yes ☐   No ☐   X N/A
10. Does inmate have a financial obligation? Yes ☐ No ☐  If yes, indicate type and how obligation will be paid in item 12.

11. Additional Information, including status of any detainers or pending charge(s) and whether there is a substance abuse history. There are no known pending charges or detainers on file. However, according to inmate Trotter's Pre-Sentence Investigation Report (PSIR), he is required to register with the State of Delaware, Sex Offender Registry, as a result of his conviction for Unlawful Sexual Contact, Superior Court for New Castle County, Delaware, Docket Number 9510008293. On May 10, 2004, Judge Babiarz withdrew his Order requiring inmate Trotter to register as a sex offender. Verification was obtained (see attached letter). According to his PSIR, inmate Trotter was a resident of Gaudenzia Hill's therapeutic community known as the Key Program. Inmates in this program are isolated from the general population, and participate in daily events designed to help them gain insight into their prior drug use, and help them learn the coping skills needed to prevent recidivism. Inmate Trotter first entered the program on July 2, 1998. He successfully completed the program on February 4, 1999. The intake evaluation for the 1999 admission revealed the defendant reported using alcohol and marijuana on a daily basis until he was arrested and confined. He reported that his alcohol abuse began at age 14, and his use of marijuana began at age 16. Inmate Trotter was in the Key Program's community aftercare program in 1999, but was discharged in October 1999 due to positive urine samples. He returned to the Key Program in April 2000, and successfully completed treatment on February 6, 2001.

12. Specific release preparation/Pre-natal care needs. Inmate Trotter is a 29 year old male who has been incarcerated for approximately 45 months. Since his incarceration, inmate Trotter has maintained fair institutional adjustment. He participates in educational programs and is respectful to staff. He has incurred one misconduct report. According to inmate Trotter's Medical/Psychological Pre-Release Evaluation, BP-351.060, he is not prescribed medications. Inmate Trotter transferred from FCI Fort Dix, New Jersey, to FMC Devens, Massachusetts, in order to participate in the Sex Offender Management Program (SOMP). According to Psychology staff (as noted on the Medical/Psychological Pre-Release Evaluation, BP-351.060), he has not been cooperative with SOMP procedures. Specifically, he refuses to participate with psychological testing and lacks a desire to address his sex offense behavior. Inmate Trotter was involved in a consensual sexual relation with a 14 year old girl. He was 20 years old at the time. Inmate Trotter indicated he will obtain medical insurance through employment. He completed all the components of the Release Preparation Program (RPP). In addition, he completed his $100.00 Felony Assessment. Inmate Trotter's Pre-Release Preparation Date is May 9, 2005. It should be noted that Psychology staff does not recommend inmate Trotter transfer to a CCC based on his non-compliance with the SOMP (as noted on the Medical/Psychological Pre-Release Evaluation, BP-351.060). If placed in a CCC, it is recommended that inmate Trotter participate in the correctional component only, without the opportunity to participate in community based programs. Inmate Trotter has secured a release residence and employment.

13. For MINT Referrals, Date of Delivery:
14. (a) For MINT Referrals, Projected Date of Return to Parent Institution:
    (B) Proposed guardian:

| TO BE FORWARDED WITH THE REFERRAL FORM | NO. COPIES | TO BE FORWARDED TO THE REGIONAL TSM | COPIES |
|---|---|---|---|
| BP-S210, Referral Form | 2 | BP-S210, Referral Form | 1 |
| Current Progress Report | 2 | Current Progress Report | 2 |
| Pre-sentence Report/Violation Report | 2 | Treatment Summary and Referral Form | 2 |
| Community Based Program Agreement | 2 | Drug Abuse Treatment Programs Agreement to Participate in Community Transition Programming | 2 |
| BP-339 CIM Case Information Summary (Non-Separation Cases) | 1 | | |
| USPO Acceptance Letter | 2 | | |
| Copy of Latest Notice of Action | 2 | | |
| BP-351 Medical Evaluation for Transfer of Inmates to CCC Type Facility | 2 | | |
| Judgment & Commitment Order | 2 | | |
| Statement of Responsibility | 2 | | |

* If the inmate has a diagnosed, ongoing medical condition, such as diabetes or coronary disease, send any pertinent medical records.

Exhibit B,

moot upon his release. Indeed, the Petitioner challenges his placement in a sex offender program implemented by the BOP as a result of his conviction of a sex offense committed in 1995. S Petition, p. 3a. Petitioner has been in this program since March, 2004, nearly eighteen (18) months. The program is not punitive in nature (nor does participation or lack thereof negatively effect the inmate) but merely assists inmates who ha committed a sex offense and who have been classified with a specific public safety factor because of their sex offense conviction.

Upon his release in October, 2005, not only will the BOP n longer have custody over Petitioner for purposes of habeas relief, but he will no longer be a participant in the program from which he seeks a transfer. See Petition, p. 4.

WHEREFORE, Respondent respectfully requests that this Court allow his motion for an extension of time **up to and including**

### Incentives for Participating in the SOMP
Although the SOMP is a mandatory program assignment, <u>some</u> program components (i.e., completing psychological tests, participating in psycho-education classes, participating in no residential therapy) are voluntary. SOMP inmates are encouraged to participate in recommend voluntary program components, and are offered the following incentives:

1. Participation provides an opportunity for self-improvement.
2. A Certificate of Completion is given to inmates who satisfactorily complete the psych education component. This certificate is forwarded to the Unit Team for placement i e Inmate's Central File.
3. Active participation in the SOMP is considered by the Unit Team in recommending tl inmate for Community Corrections Center placement. Conversely, poor cooperation failure to participate may curtail Community Corrections Center placement.
4. Inmates who actively follow SOMP recommendations may be viewed as motivated fc change, a factor associated with decreased risk for re-offense. Conversely, failure to follow SOMP recommendations is viewed as indicative of a lack of motivation for behavior change, a factor associated with increased risk of re-offense. Thus, the exter which an inmate follows SOMP recommendations may modify his risk assessment.

### Sanctions for Non-compliance with SOMP Requirements and Expectations
1. Failure to follow SOMP recommendations may also result in the following sanctions:
   a. Inmate Performance pay not to exceed the Maintenance pay level.
   b. Assignment to the least preferred housing available.
2. Specific violations of the mandatory program requirements are subject to the Inmate Disciplinary Process.

### Standards of Conduct
Inmates in the SOMP are required to comply with all the rules and regulations governing inma conduct as defined by the Federal Bureau of Prisons. Failure to follow BOP rules and regulatic is subject to disciplinary action. SOMP participants are also strongly encouraged to refrain fro behaviors that can contribute to future sex offending behavior (e.g., using materials that promo sexual exploitation of others). Any institutional conduct, including disciplinary infractions anc behaviors with the potential to contribute to future sexual offending, may be used in the clinica assessment of a SOMP inmate's risk of re-offense.

#### Dress Code
All SOMP participants must adhere to FMC Devens's Dress Code at all times. Unless otherwise ordered (i.e., for a visual search), SOMP participants must be fully clothed in the presence of staff.

#### Inappropriate Materials
To promote accountability and personal responsibility, SOMP staff routinely search the cells of program participants for the presence of contraband, and other items that may be